## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 11 PM 4: 09

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

|  |  |  |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., As Broadcast Licensee of the June 8, 2002 LEWIS/TYSON Program, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   03-2451 B/An |
| P & C CAFÉ, INC. d/b/a P & C CAFÉ a/k/a AFTER DARK BAR & GRILL, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

On June 7, 2005, United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for a report and recommendation on damages. For the reasons set forth below, the Court recommends Defendants be responsible for paying $6,722.50 in damages to Plaintiff.

### BACKGROUND

On June 16, 2003, Plaintiff filed this action pursuant to 47 U.S.C. § 605(a) alleging that Defendants illegally exhibited the June 8, 2002 Lewis/Tyson televised boxing program. Defendants failed to Answer Plaintiff's Complaint or otherwise defend this action, and Judge Breen has asked the Court to prepare a report and recommendation on damages.

Plaintiff owned the rights to distribute the Lewis/Tyson program via closed circuit television and encrypted satellite signal. Without Plaintiff's authorization, Plaintiff alleges that Defendants used an illegal satellite receiver or some illegal cable converter box or device to

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-12-05



intercept Plaintiff's broadcast. Plaintiff therefore argues that while Defendants knew that the Lewis/Tyson fight was not to be exhibited without purchasing the rights to do so, Defendants unlawfully intercepted, received or de-scrambled the satellite signal and exhibited the Lewis/Tyson program for commercial advantage or private financial gain.

In order to combat against the illegal exhibition of the closed circuit program, Plaintiff hired Signal Piracy Investigations ("SPI") to contract with independent auditors to investigate establishments who were not authorized to show the boxing match to the general public. On the night of the Lewis/Tyson fight, Mr. Craig Pifer ("Pifer"), an independent auditor contracted by SPI, visited the After Dark Café, located at 3347 Austin Peay Highway in Memphis, Shelby County, Tennessee. Although the After Dark Café was not authorized to exhibit the Tyson/Lewis boxing match, the establishment nevertheless charged a $10.00 cover charge and exhibited the boxing match on six televisions. Specifically, Pifer entered the the After Dark Café at approximately 8:20 P.M., and he observed six television sets showing the Joel Casamayor/Juan Jose Arias undercard bout, one of the fights listed to occur on the closed-circuit broadcast before the Lewis/Tyson main event. Pifer noticed between six and fifteen patrons in the establishment at a time, and when Pifer left at 8:40 P.M., there was approximately 15 people in the establishment.

## ANALYSIS

Plaintiff filed this action pursuant to 47 U.S.C. § 605, which provides, in pertinent part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person." In other words, section 605(a) prohibits the unauthorized interception, receipt, exhibition,

2

publication or use of radio communications, including the unlawful exhibition of satellite signals illegally intercepted. Because Defendants have not answered or otherwise responded to this action, the Court will accept Plaintiff's allegations as true and find that Defendants violated 47 U.S.C. § 605(a).

47 U.S.C. § 605(e)(3)(C)(i)(II) allows statutory damages for "each violation of subsection (a) of this section . . . in a sum not less than $1,000 or more than $10,000, as the court considers just . . . ." Moreover, if the Court finds that the statute was violated "willfully and for the purpose of commercial advantage or private financial gain," it may, in its discretion, award an additional sum, up to $100,000, for each violation. *Id.* § 605(e)(3)(C)(ii). Section 605, however, does not provide any guidelines for determining statutory damages; instead, the statute relies on the Court to use its own case-by-case discretion. *See Garden City Boxing Club, Inv. v. Giambra*, No. 02-CV-839S, 2004 WL 1698633, at *3 (W.D.N.Y. July 27, 2004); *Home Box Office v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D. Conn. 1993).

In deciding the amount of damages to impose, some courts have calculated statutory damages based on the number of patrons in the establishment at the time of the violation. *See, e.g., Entertainment by J & J, Inc., v. Friends II, Inc.*, No. 02 Civ. 585(JESRLE), 2003 WL 1990414, at *3 (S.D.N.Y. Apr. 25, 2003) (awarding $20 per patron based on sublicensing fee per potential patron); *Entertainment by J & J, Inc. v. Nina's Restaurant and Catering*, 01 Civ. 5483(KMWRLE), 2002 WL 1000286, at *3 (S.D.N.Y. May 9, 2002) (awarding $20 per patron); *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) (awarding $50 per patron). On the other hand, other courts have imposed damages in a flat amount regardless of the number of patrons in the establishment. *See, e.g.,*

3

*Entertainment by J & J, Inc. v. Suriel*, 01 Civ. 11460(RO), 2003 WL 1090268, at *1 (S.D.N.Y. Mar. 11, 2003) (awarding $11,000); *King Vision Pay-Per-View Corp., Ltd. v. Papacito Lidia Luncheonette, Inc.*, 01 Civ. 7575(LAK) (AJP), 2001 WL 1558269, at *2 (S.D.N.Y. Dec. 6, 2001) (awarding $20,000); *Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 442 (S.D.N.Y.2001) (awarding $15,000).

In this case, Plaintiff seeks the maximum statutory damages of $10,000, plus enhanced damages for wilfulness in the amount of $100,000, or a total of $110,000. (*See* Aff. & Mem. in Supp. of Notice of Mot. for Default Judgment, at 3-4). After consideration, the Court finds Plaintiff should be awarded statutory damages dependent on the number of patrons inside the After Dark Café. The Court recommends that Defendants should be assessed a $100 statutory penalty for each person unlawfully viewing the boxing match. Therefore, because when Pifer left at 8:40 P.M. he saw 15 persons in the establishment, the Court recommends that Defendants should be required to pay a statutory penalty of $1,500.00 to Plaintiff. Moreover, because the Court has found that Defendants' actions were willful, the Court recommends that an additional penalty of $3,500.00 should be imposed against the Defendants pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

Finally, 47 U.S.C. § 605(e)(3)(B)(iii) permits the Court to award "full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." In its Memorandum, Plaintiff lists Filing Fees of $150.00, Service of Process Fees of $185.00, and Attorney's Fees of $1,387.50. For good cause shown, the Court recommends that Plaintiff be awarded the reasonable fees and expenses associated with this action, or $1,722.50. Plaintiff also requests prejudgment interest; however, there is no statutory basis for prejudgment interest in § 605(a).

*See DIRECTV, Inc. v. Montes*, 338 F. Supp. 2d 352, 356 (D. Conn. 2004) (noting that "there is no statutory basis in § 605" for prejudgment interest). Therefore, the request for prejudgment interest should be denied.

For the reasons set forth above, the Court recommends that Plaintiff should be awarded damages and other costs in the amount of $6,722.50. ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: July 08, 2005

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:03-CV-02451 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

Wayne D. Lonstein
LONSTEIN LAW OFFICE PC
1 Terrace Hill
P.O. Box 351
Ellenville, NY 12428

Honorable J. Breen
US DISTRICT COURT